OPINION OF THE COURT
Kenneth L. Gartner, J.
*1027 The defendant moves for an order, pursuant to Criminal Procedure Law § 170.30 (1) (e), dismissing the accusatory instrument upon the ground that he has been denied his statutory right to a speedy trial, as set forth under CPL 30.30 (1) (d).
This motion presents an unusual scenario: the criminal action commenced against the defendant must be dismissed because the People’s time to ready their case for trial under the “speedy trial act” had expired even prior to the date that was set by the court-issued criminal summons for the defendant’s initial appearance, and arraignment, in court.
Pursuant to CPL 30.30 (1) (d), the Legislature has required that when a defendant is charged with a violation, a motion made for dismissal must be granted, where the People are not ready for trial within 30 days of the commencement of the criminal action.
CPL 30.30, the speedy trial act, provides, in relevant part, that:
“1. Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within: . . .
“(d) thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime.”
Pursuant to CPL 1.20 (17), commencement of a criminal action means the filing of an accusatory instrument against a defendant in a criminal court.
In many cases, the accusatory instrument is filed after the defendant is already in custody pursuant to an arrest, or on the return date of an appearance ticket issued to the defendant. Some cases, though, involve situations in which there is neither an arrest nor the issuance of an appearance ticket at the time of the incident. In those cases, the criminal charges are filed at some later date, and the defendant’s appearance must then be secured. To whom the time is to be charged during that interim period then becomes an issue.
The defendant here is charged, by district court information, with violating Penal Law § 240.26 (1) (harassment in the second degree), a violation, based upon an incident which is alleged to have occurred on June 11, 2005.
*1028 The district court information was filed on September 16, 2005, and a criminal summons was issued on that same date (Chaikin, J.).
For speedy trial purposes, the Court of Appeals has held that the speedy trial time begins to run on the day following the commencement of the criminal action (see, People v Stiles, 70 NY2d 765 [1987]). Accordingly, in the instant case, the speedy trial time began to run on September 17, 2005.
On September 30, 2005 the criminal summons issued was served upon the defendant, directing him to appear in court for arraignment on October 20, 2005.
The time period between September 17, 2005, and the defendant’s arraignment on October 20, 2005, is 33 days. The arraignment thus apparently occurred three days beyond the 30 afforded to the People by the speedy trial act.
In opposition to the motion, the People assert that the time period between the filing of the accusatory instrument and the defendant’s arraignment is excludable pursuant to CPL 30.30 (4) (i). This blanket assertion, however, is contrary to the plain language of the applicable statute.
CPL 30.30 (4) (i) provides:
“4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
“(i) The period prior to the defendant’s actual appearance for arraignment in a situation in which the defendant has been directed to appear by the district attorney pursuant to subdivision three of section 120.20 or subdivision three of section 210.10.”
Thus, section 30.30 (4) (i) excludes from the time chargeable to the People the time prior to arraignment only where the district attorney has directed a defendant to appear.
The People assert that because it is the district attorney who requested the issuance of the summons, and presumably oversaw the summons’ service, this is the functional equivalent of the district attorney having directed the defendant to appear. But this argument is contradicted by the statute’s plain language. The statute specifically says that the procedure under which the district attorney notifies the defendant to appear is a procedure which may be utilized by the district attorney “in lieu of a warrant of arrest or summons” (CPL 120.20 [3] [emphasis added]).
*1029 CPL 120.20 provides that where a criminal action is commenced by the filing of an accusatory instrument in a local criminal court, there are two separate alternatives to the issuance of a warrant of arrest by the court for securing the defendant’s appearance. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 120.20.) The two alternatives are: (1) the issuance by the court itself of a “summons,” rather than a “warrant” (a summons being an instrument directed to the defendant, commanding him to appear in court [see, CPL 130.10], and the warrant being an instrument directed to law enforcement, commanding them to take custody of the defendant and bring him to court), and (2) the authorization by the court of the district attorney to direct the defendant to appear.
“The use of one of these alternatives rather than a warrant in appropriate cases should be encouraged, as it not only is important in preservation of individual liberty for persons who still are clothed with the presumption of innocence, it also saves valuable law enforcement resources which should not be expended by rote procedures.” (Preiser, supra at 487.)
CPL 120.20 reads, in relevant part:
“1. When a criminal action has been commenced in a local criminal court by the filing therewith of an accusatory instrument, other than a simplified traffic information, against a defendant who has not been arraigned upon such accusatory instrument and has not come under the control of the court with respect thereto:
“(a) such court may, if such accusatory instrument is sufficient on its face, issue a warrant for such defendant’s arrest. . .
“3. Notwithstanding the provisions of subdivision one, if a summons may be issued in lieu of a warrant of arrest pursuant to section 130.20, and if the court is satisfied that the defendant will respond thereto, it may not issue a warrant of arrest. Upon the request of the district attorney, in lieu of a warrant of arrest or summons, the court may instead authorize the district attorney to direct the defendant to appear for arraignment on a designated date if it is satisfied that the defendant will so appear.”
*1030 As stated in Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 219), section 30.30 (4) (i)
“was added in 1993 to complement expanded authority granted that year to both local criminal and superior courts for [the] two new alternatives to an arrest warrant to secure defendant’s appearance for arraignments] . . . The exclusion in paragraph [i] applies only to [the direction to appear]. The rationale for this exclusion is not immediately apparent and none was furnished in the sponsor’s memorandum ... I would hazard a guess that since the period between filing of the accusatory instrument and arraignment is not excluded when the court issues a warrant or a summons, the provision was inserted to provide an incentive for the district attorney to request the court to use the least onerous method of securing defendant’s appearance.”
In the only prior case which has been found addressing this issue, by Nassau County District Court Judge William J. O’Brien, People v Perangelo (Docket No. 17703/05, Dec. 16, 2005), Judge O’Brien dismissed the criminal action where arraignment occurred on the return date of the summons, which was 37 days after the filing of the accusatory instrument, and, Judge O’Brien determined, after expiration of the People’s speedy trial time. Judge O’Brien agreed with Preiser that “the period between filing of the accusatory instrument and arraignment is not excluded when the court issues a warrant or summons . . . .”
One may wonder whether, whatever the motivation, the actual incentive given by dismissal in these situations will be for greater use of arrest warrants, rather than district attorney “directions to appear.” This would be precisely the opposite of the intended effect deduced by Preiser. Nevertheless, this is a legislative issue. The statutory language is clear.
If summonses are utilized, rather than district attorney directions to appear, care must be taken to ensure that the return date is sufficiently in advance of the expiry of speedy trial time that not only has the time not expired, but that room is left to take any appropriate steps thereafter.
The issue will presumably be most pertinent in the case of violations, where the speedy trial time is a relatively brief 30 days, rather than the 60 days provided for B misdemeanors, the *1031 90 days provided for A misdemeanors, and the six months provided for felonies. (CPL 30.30 [1] [c], [b], [a]).
As more than 30 days elapsed from the commencement of this criminal action before the defendant’s arraignment thereon, and as none of such time was excludable from the time charged to the People, this action must be and is hereby dismissed.